IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RHONDA NORWOOD, individually and as parent and next friend of TBL, a minor child; and TBL, a minor child,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>TRECIA DAWN MCCAMPBELL, individually and as next friend of JC; TONY JEROME COLEMAN, individually and as next friend of JC, a minor; and INDEPENDENT SCHOOL DISTRICT NO. 1 OF POTTAWATOMIE COUNTY, OKLAHOMA,<br><br>　　　　Defendants. | Case No. CIV-19-00226-JD |

## ORDER

Before the Court is the Motion for Review of the Clerk's Order Taxing Costs ("Motion") filed by Plaintiffs Rhonda Norwood and TBL ("Plaintiffs") [Doc. No. 67]. Although Defendant Independent School District No. 1 of Pottawatomie County, Oklahoma, commonly known as McLoud Public Schools ("the School District"), did not respond to the Motion, its positions regarding Plaintiffs' objections are included in previous filings. *See* Reply in Support of Bill of Costs [Doc. No. 65].

Plaintiff Rhonda Norwood, proceeding individually and as parent and next friend of her child, TBL, and Plaintiff TBL originally filed their claims in state court. The School District removed the action to this Court. Plaintiffs claimed that the School District violated TBL's rights under the Fourteenth Amendment to the United States

Constitution by failing to protect TBL from another student, by failing to seek medical treatment for TBL, and by failing to promptly notify her parents of her injuries. This Court granted summary judgment to the School District on Plaintiffs' federal constitutional claims brought under 42 U.S.C. § 1983 and declined to exercise supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367. *See* Minute [Doc. No. 59]; Order [Doc. No. 60]; Judgment [Doc. No. 61]. The Court remanded the action to the District Court for Pottawatomie County, Oklahoma. *Id.*

After the entry of judgment and order of remand, the School District filed a Bill of Costs and Brief in Support [Doc. No. 62], to which Plaintiffs objected. [Doc. No. 64]. The School District then filed a Reply in Support of Bill of Costs [Doc. No. 65]. The School District sought costs of $2,034.07, and the Clerk of Court ultimately taxed this amount against Plaintiffs. *See* Taxation of Costs [Doc. No. 66].

Plaintiffs now ask the Court to reserve taxation of costs pending the resolution of the claims remanded to state court, reduce the amount of costs taxed by the Clerk, or deny costs to the School District altogether. They assert three grounds in support of their Motion: (i) the School District is, at best, a partially prevailing party given the claims remanded to state court, (ii) taxation of costs would be inequitable, and (iii) the School District is not entitled to costs related to the removal of this action to this Court.

Federal Rule of Civil Procedure 54(d)(1) provides, in relevant part, that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Whether to award costs to a prevailing party is within the Court's discretion, but Rule 54(d) nonetheless "creates a

presumption that the district court will award the prevailing party costs." *Rodriguez v. Whiting Farms, Inc.*, 360 F.3d 1180, 1190 (10th Cir. 2004). "[T]he district court must provide a valid reason for denying" costs under Rule 54(d)(1). *Cohlmia v. St. John Med. Ctr.*, 693 F.3d 1269, 1288 (10th Cir. 2012) (quotation marks and citation omitted). "Absent some other statutory authorization, costs available to a prevailing party under Rule 54(d)(1) are limited to those specified in 28 U.S.C. § 1920 . . . ." *Sorbo v. United Parcel Serv.*, 432 F.3d 1169, 1179 (10th Cir. 2005). Once the prevailing party meets its "burden of establishing the costs to which it is entitled . . . the burden shifts to the non-prevailing party to overcome the presumption that the[ ] costs will be taxed." *Cohlmia*, 693 F.3d at 1288 (quotation marks and citations omitted).

A "prevailing party" is a "party in whose favor a judgment is rendered, regardless of the amount of damages awarded," *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Hum. Res.*, 532 U.S. 598, 603 (2001), and would include a party in whose favor a judgment has been entered on a federal claim though state claims continue in litigation upon remand. *Allen v. Lang*, 738 F. App'x 934, 944 (10th Cir. 2018) (unpublished) (explaining that since the district court entered a judgment in the defendant's favor on the merits of federal claims, she could enforce that judgment by asserting res judicata to prevent the plaintiff from bringing the same federal claims in the future and that, thus, she was the prevailing party under Rule 54(d)(1)).

The Court entered judgment only on Plaintiffs' federal constitutional claims; that judgment was entered in favor of the School District. Therefore, the School District is rightly considered the prevailing party in this action under Rule 54(d)(1). And by its Bill

3

of Costs and Brief in Support, the School District met its burden of establishing the costs to which it is entitled under Rule 54(d)(1) and § 1920.[1] It is thus Plaintiffs' burden to overcome the presumption that these costs will be taxed.

Plaintiffs argue that an award of costs against them would be inequitable because TBL recently reached the age of majority, "is still young and considered a child by societal standards," and "does not have a significant income," relying on her parents for financial support. Motion at 6. Plaintiffs also argue that awarding costs here would "act to bar the courthouse door for other parents in similar" cases where they seek to enforce the rights of their minor children. *Id.*

Plaintiffs offer nothing outside of their Motion to substantiate their claims regarding their financial status. Regardless, similar "economic disparity" and "chilling effect" arguments have been rejected by the Tenth Circuit "as grounds for denying an award of costs noting that 'relying on the parties' comparative economic power would almost always favor an individual plaintiff over the [entity] defendant' and the 'plain language of Rule 54(d) does not contemplate a court basing awards on a comparison of the parties' financial strengths.'" *Tilghman v. Kirby*, No. CV-13-73-D, 2016 WL 11473558, at *1 (W.D. Okla. June 21, 2016) (quoting *Johnson v. Oklahoma ex rel. Univ. of Okla. Bd. of Regents*, Nos. 99-6322, 99-6427, 2000 WL 1114194 at *3 (10th Cir. Aug. 7, 2000) (unpublished)), *adopted by* 2016 WL 6996200, at *1–2 (W.D. Okla. Nov. 30,

---

[1] The School District sought costs associated with removing the action to this Court as fees of the court clerk under § 1920(1), court reporter fees under § 1920(2), and copying fees under § 1920(4).

2016); *see also Whitley v. Indep. Sch. Dist. No. 10 of Dewey Cnty., Oklahoma*, No. CIV-18-331-SLP, 2019 WL 7669147, at *2 (W.D. Okla. Nov. 7, 2019) (denying the "[p]laintiffs' request that costs be denied or lessened based on the relative positions of the parties or based on the potential 'chilling effect' of an award of costs"). Further, a court does not abuse its discretion in awarding costs even when the non-prevailing party has shown its indigence unless the non-prevailing party has offered some reason why the prevailing party should be penalized in the case. *Rodriguez*, 360 F.3d at 1190; s*ee also Klein v. Grynberg*, 44 F.3d 1497, 1507 (10th Cir. 1995) ("To deny [the prevailing party] costs would be in the nature of a severe penalty imposed upon them, and there must be some apparent reason to penalize the prevailing party if costs are to be denied."). Plaintiffs do not argue that the School District has acted improperly in this case, and they offer no reason why the School District should be penalized by a denial of costs here. Plaintiffs have, therefore, failed to carry their burden of overcoming the presumption that costs will be taxed.

Finally, the Court rejects Plaintiffs' contention that the School District has not shown it is entitled to an award of costs for the filing fee for this case. They argue that removal of the case to this Court was not necessary because the state court could have resolved the federal claims. Without citation to supporting authority, Plaintiffs argue that this means the removal fee should not be included in the costs awarded. Under § 1920, however, the court may tax as costs "[f]ees of the clerk." 28 U.S.C. § 1920(1). And the fee required to file a civil case removed from state court to federal court is a fee of the clerk. *See id.* § 1914(a); *Judicial Conf. Sched. of Fees, Dist. Ct. Misc. Fee Sched.* ¶ 14.

Plaintiffs have failed to show that the filing fee should not be included in the costs awarded to the School District under Rule 54(d)(1).

In sum, the Court finds that the School District has established the costs to which it is entitled, and Plaintiffs have failed to overcome the presumption that costs will be taxed. Plaintiffs have also failed to show the costs taxed by the Clerk of Court should be reduced or reserved.

IT IS THEREFORE ORDERED that Plaintiffs Rhonda Norwood and TBL's Motion for Review of the Clerk's Order Taxing Costs [Doc. No. 67] is DENIED. The Taxation of Costs [Doc. No. 66] entered by the Clerk of Court is ADOPTED by the Court.

IT IS SO ORDERED this 6th day of July 2023.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE